IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JN
MAY X 6 2008
5-6-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

BRAD SMITH, )
    Plaintiff, )
  )
v. )
  )
HECTOR MORALES, Star No. 5728, )   08CV2578
R. MARRELLA, Star No. 20344, )   JUDGE ANDERSEN
    Defendants. )   MAG. JUDGE COX

## COMPLAINT

Plaintiff, Brad Smith, by his attorney, John W. Wyatt, complaining of defendants, Hector Morales, Star No. 5728, and R. Marrella, Star No. 20344, defendants, who are Chicago police officers, alleges as follows:

### COUNT I

1. This cause of action arises for damages and other appropriate relief under 42 U.S.C. 1983, in that defendants who are police officers, violated plaintiff's civil rights by unlawfully arresting defendant in his home without an arrest warrant and/or a search warrant in violation of the Fourth Amendment to the United States Constitution.

2. Jurisdiction is conferred upon the District Court by 28 U.S.C. 1331 (a) and 28 U.S.C. 1343(a)(3).

3. Plaintiff resides in Chicago, Cook County, Illinois.

4. Defendants are employed as police officers by the City of Chicago, Illinois.

5. On June 28, 2006, at approximately 4:00 a.m., defendant Hector Morales, Star No. 5728 (hereinafter referred to as "defendant Morales") went to defendant's home

1

at 3120 West 15th Street, Chicago, Cook County, Illinois, and took defendant into custody without an arrest warrant, a search warrant, and without plaintiff's consent.

6. At the time defendant Morales took plaintiff into custody, defendant Morales had no reasonable basis to believe plaintiff had been or was engaged in any criminal activity.

7. The Fourth Amendment to the United States Constitution guarantees the rights of people against warrantless seizures in their homes.

8. The custodial detention of plaintiff at his home was an intentional wrongful act of defendant Morales and was committed under circumstances which require the imposition of exemplary damages in order to deter other police officers from committing the same wrongful act.

9. As a direct and proximate result of the above-described wrongful act of defendant Morales, who is a Chicago police officer, and who committed this act under color of his authority as a Chicago police officer, and while acting in that capacity, deprived plaintiff of rights and immunities provided to him under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983.

**WHEREFORE,** plaintiff prays for judgment against defendant Morales as follows:

A) General damages in the sum of $5,000.00;

B) Exemplary damages in the sum of $10,000.00;

C) Award of attorney fees;

D) For such other relief as the Court deems just.

## COUNT II

Plaintiff realleges paragraphs 1 through 9 of Count I of this complaint as paragraphs 1 through 9 of Count II of this complaint.

10. On June 28, 2006, after plaintiff was taken into custody by defendant Morales, plaintiff was taken to 3014 West Cullerton Street, Chicago, Cook County, Illinois for a show-up identification.

11. After the show-up and without probable cause, plaintiff was charged with arson by defendant R. Marrella, Star No. 20344, hereinafter referred to as "defendant Marrella".

12. In July, 2006, the Grand Jury of the Circuit Court of Cook County, Illinois, indicted plaintiff under Case No. 06 CR 15551 for arson.

13. On December 28, 2006, the Honorable Judge Kasmierski, Circuit Court of Cook County, Illinois, Criminal Division, granted plaintiff's motion to quash the warrantless arrest of June 28, 2006 and suppressed the suggestive show-up identification.

14. Fifteen months later, on March 10, 2008, the People of the State of Illinois, without a trial, dismissed all charges against plaintiff under Case No 06 CR 15551.

15. Prior to posting bond after his arrest on June 28, 2006, plaintiff was incarcerated at the Cook County Jail, Chicago, Illinois, Division 9, for 43 days.

16. To prove his innocence of the charge of arson, a Class 1 felony with a range of imprisonment from 4 to 15 years, plaintiff was forced to and did spend $15,000.00 for legal representation.

17. While imprisoned in the Cook County Jail and over the year and nine months the arson case was pending against him, plaintiff suffered from anxiety

attacks and depression because of fear that he might be falsely imprisoned for an arson he never committed.

18. Plaintiff's arrest for arson by defendant Marrella based on illegal suggestive identification was an intentional act and was committed under circumstances which require the imposition of exemplary damages in order to deter other police officers from committing the same wrongful act.

19. As a direct and proximate result of the above-described wrongful acts of defendants Morales and Marrella, all committed under color of their authority as a Chicago police officers, and while acting in that capacity, plaintiff was deprived of rights and immunities provided to him under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983.

**WHEREFORE**, plaintiff prays for judgment against defendant Morales and Marrella, jointly and severally, as follows:

A) General damages in the sum of $50,000.00.

B) Exemplary damages in the sum of $100,000.00.

C) Special damages in the sum of $15,000.00.

D) Award of attorney fees.

E) For such other relief as the Court deems just.

_____
John W. Wyatt
Attorney for Plaintiff

John W. Wyatt, No. 0619719
835 E. 49th Street, Suite 1W
Chicago, IL 60615
(773) 536-0570

4