IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRAD SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 2578 |
| | ) | |
| HECTOR MORALES, Star No. 5728, | ) | Judge Andersen |
| R. MARRELLA, Star No. 20344, | ) | |
| | ) | Magistrate Judge Cox |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Chicago Police Officers Hector Morales and Russell Marrella, by their attorney, Sanjay H. Patel, Assistant Corporation Counsel for the City of Chicago, file this answer, defenses and jury demand to Plaintiff's complaint:

### COUNT I

1.     This cause of action arises for damages and other appropriate relief under 42 U.S.C. 1983, in that defendants who are police officers, violated plaintiffs civil rights by unlawfully arresting defendant in his home without an arrest warrant and/or a search warrant in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** **Defendants admit this cause of action arises under 42 U.S.C. § 1983. Defendants deny the remaining allegations contained in paragraph 1.**

2.     Jurisdiction is conferred upon the District Court by 28 U.S.C. 1331 (a) and 28 U.S.C. 1343(a) (3).

**ANSWER:**   Defendants admit jurisdiction is proper.

3.     Plaintiff resides in Chicago, Cook County, Illinois.

**ANSWER:**   Upon information and belief, Defendants admit the allegation contained in paragraph 3.

4.     Defendants are employed as police officers by the City of Chicago, Illinois.

**ANSWER:**   Defendants admit the allegation contained in paragraph 4.

5. On June 28, 2006, at approximately 4:00 a.m., defendant Hector Morales, Star No. 5728 (hereinafter referred to as "defendant Morales") went to defendant's home at 3120 West 15th Street, Chicago, Cook County, Illinois, and took defendant into custody without an arrest warrant, a search warrant, and without plaintiff's consent.

**ANSWER:** Defendant Morales denies the allegations contained in paragraph 5. Defendant Marrella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. At the time defendant Morales took plaintiff into custody, defendant Morales had no reasonable basis to believe plaintiff had been or was engaged in any criminal activity.

**ANSWER:** Defendant Morales denies the allegations contained in paragraph 5. Defendant Marrella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. The Fourth Amendment to the United States Constitution guarantees the rights of people against warrantless seizures in their homes.

**ANSWER:** Defendants admit the allegations contained in paragraph 7.

8. The custodial detention of plaintiff at his home was an intentional wrongful act of defendant Morales and was committed under circumstances which require the imposition of exemplary damages in order to deter other police officers from committing the same wrongful act.

**ANSWER:** Defendants deny the allegations contained in paragraph 8.

9. As a direct and proximate result of the above-described wrongful act of defendant Morales, who is a Chicago police officer, and who committed this act under color of his authority as a Chicago police officer, and while acting in that capacity, deprived plaintiff of rights and immunities provided to him under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983.

**ANSWER:** Defendants admit Defendant Morales is a Chicago Police Officer who acted under a color of law. Defendants deny the remaining allegations contained in paragraph 9.

COUNT II

Plaintiff realleges paragraphs 1 through 9 of Count I of this complaint as paragraphs 1 through 9

of Count II of this complaint.

**ANSWER:** Defendants reassert their answers to paragraphs 1-9 as though fully set forth herein.

10. On June 28, 2006, after plaintiff was taken into custody by defendant Morales, plaintiff was taken to 3014 West Cullerton Street, Chicago* Cook County, Illinois for a show-up identification.

**ANSWER:** Defendants admit the allegations contained in paragraph 10.

11. After the show-up and without probable cause, plaintiff was charged with arson by defendant R. Marrella, Star No. 20344, hereinafter referred to as "defendant Manilla".

**ANSWER:** Defendants deny the allegations contained in paragraph 11.

12. In July, 2006, the Grand Jury of the Circuit Court of Cook County, Illinois, indicted plaintiff under Case No. 06 CR 15551 for arson.

**ANSWER:** Defendant Marrella admits the allegations contained in paragraph 12. Defendant Morales is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. On December 28, 2006, the Honorable Judge Kasmierski, Circuit Court of Cook County, Illinois, Criminal Division, granted plaintiffs motion to quash the warrantless arrest of June 28, 2006 and suppressed the suggestive show-up identification.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Fifteen months later, on March 10, 2008, the People of the State of Illinois, without a trial, dismissed all charges against plaintiff under Case No 06 CR 15551.

**ANSWER:** Upon information and belief, Defendants admit the Cook County State's Attorney's Office dismissed the criminal case against plaintiff under case number 06 CR 1555101.

15. Prior to posting bond after his arrest on June 28, 2006, plaintiff was incarcerated at the Cook County Jail, Chicago, Illinois, Division 9, for 43 days.

3

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. To prove his innocence of the charge of arson, a Class 1 felony with a range of imprisonment from 4 to 15 years, plaintiff was forced to and did spend $15,000.00 for legal representation.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. While imprisoned in the Cook County Jail and over the year and nine months the arson case was pending against him, plaintiff suffered from anxiety attacks and depression because of fear that he might be falsely imprisoned for an arson he never committed.

**ANSWER:** Defendants deny plaintiff never committed arson. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18. Plaintiff's arrest for arson by defendant Marrella based on illegal suggestive identification was an intentional act and was committed under circumstances which require the imposition of exemplary damages in order to deter other police officers from committing the same wrongful act.

**ANSWER:** Defendants deny the allegations contained in paragraph 18.

19. As a direct and proximate result of the above-described wrongful acts of defendants Morales and Marrella, all committed under color of their authority as a Chicago police officers, and while acting in that capacity, plaintiff was deprived of rights and immunities provided to him under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983.

**ANSWER:** Defendants admit that they are Chicago Police Officers who acted under the color of law. Defendants deny the remaining allegations contained in paragraph 19.

4

WHEREFORE, Defendants Morales and Marrella respectfully request that judgment be entered in their favor on all count and against plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### QUALIFIED IMMUNITY

Defendants are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed their actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendants at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2002).

### THIRD AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendants were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution

or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2002).

### FOURTH AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204 (West 2002).

### FIFTH AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208 (West 2002).

### SIXTH AFFIRMATIVE DEFENSE:
### STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

That any injuries or damages claimed by the Plaintiff, against Defendants, was caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff.  Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries.  In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2002) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when

a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### SEVENTH AFFIRMATIVE DEFENSE: MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

### CONCLUSION

WHEREFORE, Defendants Hector Morales and Russell Marrella respectfully requests that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

### JURY DEMAND

Defendants hereby demand a jury trial for all issues so triable.

Respectfully submitted,
*/S/ Sanjay Patel*
SANJAY H. PATEL
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-3902
(312) 744-6566 (Fax)
Atty. No. 06272840