# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **BRAD SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 08 CV 2578** |
| | ) | |
| **v.** | ) | **Wayne R. Andersen** |
| | ) | **District Judge** |
| **HECTOR MORALES**, Star No. 5728, | ) | |
| **R. MARRELLA**, Star No. 20344 | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on cross motions for summary judgment [36, 38] on both

Count I and Count II from Plaintiff's complaint. Plaintiff Brad Smith has filed a two count

complaint against Defendants Chicago Police Officers Hector Morales and R. Marrella alleging

Fourth Amendment violations. In Count I, pursuant to 42 U.S.C. § 1983, Plaintiff alleges

Defendants violated Plaintiff's Fourth Amendment rights by unlawfully entering Plaintiff's home

without consent or a warrant, and unlawfully arresting Plaintiff without probable cause. In

Count II, pursuant to 42 U.S.C. § 1983, Plaintiff alternatively alleges Defendants violated

Plaintiff's Fourth Amendment rights by unlawfully arresting Plaintiff in a public place without

probable cause. For the following reasons, Plaintiff's motion for summary judgment [36] is

denied for Count I and Count II. Defendants' motion for summary judgment [38] for Count I is

denied and is granted for Count II.

## BACKGROUND

The following facts are not in dispute. On June 28, 2006, at approximately 2:00am,

Defendant Morales was called to West Cullerton Street in Chicago, Illinois to investigate a car

fire.  Upon arriving at the scene, Defendant Morales saw a person causing "a spark in the vehicle;" however, the person fled once Defendant Morales announced his presence.  While Defendant Morales did not see the person's face, Defendant Morales did see the person well enough to later describe to Defendant Marrella the person's general physical characteristics.  At about 3:30 a.m., Defendant Detective Marrella arrived to investigate the fire as well.

Defendant Marrella interviewed several witnesses.  According to Defendant Marrella, one eyewitness saw the person start the car fire and described the perpetrator as "a black male, he was dark skinned, he had short hair, and he had a black and white shirt."  Another witness told Defendant Marrella that the witness knew Plaintiff and had seen Plaintiff in the vicinity of the car just prior to the car fire.  Defendant Marrella also interviewed the owner of the car and the owner's girlfriend.  The girlfriend told Defendant Marrella she had been friends with Plaintiff for many years but recently broke off their friendship.  The girlfriend also told Defendants where Plaintiff lived.  Finally, Defendant Morales gave Defendant Marrella a description of the person Defendant Morales saw fleeing from the scene of the fire.  Based on these interviews and the Defendants' collective knowledge of the situation, Defendant Morales went to Plaintiff's home without an arrest warrant to talk with Plaintiff.  Plaintiff was staying with his mother and Plaintiff's mother answered the door when Defendant Morales knocked.

Plaintiff and Defendants dispute what transpired once Plaintiff's mother answered the door.  Plaintiff claims after the mother opened the door, Defendant Morales walked through the door and entered the home without the mother's consent.  Plaintiff further claims Defendant Morales proceeded to Plaintiff's bedroom, woke up Plaintiff, and told Plaintiff to "come with us."  Then, Plaintiff claims Defendant Morales handcuffed Plaintiff in his living room and took Plaintiff, without Plaintiff's consent, back in Defendant Morales's car to the scene of the fire.

Defendants, on the other hand, claim Plaintiff's mother consented to Defendant Morales's entry into the home. The mother, according to Defendants, opened the door and consented to Defendant Morales's entry after he asked to speak with Plaintiff. Furthermore, Defendants allege the mother showed Defendant Morales to Plaintiff's bedroom. Defendants further claim the mother opened Plaintiff's bedroom door, turned on the light, and woke Plaintiff up. Once Plaintiff was awakened, Defendants allege Defendant Morales asked if Plaintiff would voluntarily return with Defendant Morales to the scene of the fire. Once Defendant Morales and Plaintiff were outside, Defendants allege Defendant Morales handcuffed Plaintiff as a safety precaution for the ride back in Defendant Morales's car to the scene.

Upon returning to the scene of the fire, both sides agree Plaintiff got out of Defendant Morales's car and an eyewitness to the fire identified Plaintiff as the person who set fire to the car. At this time, Defendants allege they arrested Plaintiff. Subsequently, the Grand Jury of the Circuit Court of Cook County, Illinois indicted Plaintiff for arson; however, the Circuit Court of Cook County, Illinois, Criminal Division, dismissed the charge for lack of probable cause.

Plaintiff then brought this action against Defendants under 42 U.S.C. § 1983 alleging two counts of Fourth Amendment violations. Count I alleges Defendants unlawfully entered Plaintiff's home without consent or a warrant and unlawfully arrested Plaintiff without probable cause. In the alternative, Count II alleges Defendants unlawfully arrested Plaintiff without probable cause at the scene of the car fire. Plaintiff and Defendants filed cross motions for summary judgment on both Count I and Count II.

With respect to both Count I and Count II, Plaintiff argues he is entitled to summary judgment because the Cook County criminal court already determined Defendants did not have probable cause to arrest Plaintiff. Thus, Plaintiff argues collateral estoppel bars subsequent

litigation in this proceeding with respect to the issue of probable cause.

Furthermore and solely with respect to Count I, Plaintiff argues he is entitled to summary judgment because Plaintiff's mother never consented to Officer Morales entering the home. Defendants, on the other hand, claim that they had consent to enter Plaintiff's home and did not arrest Plaintiff in his home. Even if this Court disagrees and Defendant Morales arrested Plaintiff in his home, Defendants argue they are entitled to qualified immunity for Defendant Morales's actions in Plaintiff's home.

With respect to Count I, a genuine issue of material fact exists as to whether Defendants had consent to enter Plaintiff's home. Furthermore, a genuine issue of material fact exists as to whether Plaintiff was arrested in his home and on what basis Defendant Morales could have arrested Plaintiff. Thus, this Court denies both Plaintiff's and Defendants' motions for summary judgment for Count I.

With respect to Count II, this Court finds Defendants, pursuant to a Section 1983 claim for false arrest, had sufficient information to believe Plaintiff committed the arson. Thus, this Court finds Defendants had probable cause to arrest Plaintiff at the scene of the car fire. Consequently, this Court denies Plaintiff's motion for summary judgment for Count II and grants Defendants' motion for summary judgment for Count II.

### STANDARD OF REVIEW

A party is entitled to summary judgment when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Celotex v. Catrett*, 477 U.S. 317, 323, (1986).

A court considers the evidence in a light most favorable to the non-moving party and draws all inferences in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

As a threshold matter, Plaintiff cannot invoke collateral estoppel for his Section 1983 claims. In *Kraushaar v. Flanigan*, the Seventh Circuit held that collateral estoppel on the issue of probable cause can not apply in a subsequent Section 1983 proceeding after a state criminal proceeding finds no probable cause existed for an arrest. 45 F.3d 1040, 1050 (7th Cir. 1995). Thus, the Cook County criminal court's ruling that Defendants did not have probable cause to arrest Plaintiff is not dispositive of whether Defendants are liable on the issue of probable cause in this Section 1983 proceeding.

### A. Count I: Unlawful arrest in Plaintiff's home.

With respect to Count I, a genuine issue of material fact exists as to whether Plaintiff's mother consented to Defendant Morales entering Plaintiff's home. "[P]olice officers may not constitutionally enter a home without a warrant to effectuate an arrest, absent consent or exigent circumstances, even if they have probable cause." *Sparing v. Village of Olympia Fields*, 266 F.3d 684 (7th Cir. 2001). However, if a person with authority to grant entry voluntarily consents and the requisite probable cause requirements are met, the seizure is constitutional. *United States v. Strache,* 202 F.3d 980, 984 (7th Cir. 2000). Neither side contests that Plaintiff's mother had authority to grant entry to the home or Plaintiff's bedroom. Also, neither side claims exigent circumstances existed when Defendant Morales entered Plaintiff's home. However, Plaintiff and Defendants disagree as to whether Plaintiff's mother consented to Defendant Morales's entry into the home.

Even if Plaintiff's mother consented to Defendant Morales's entry, a genuine issue of material fact exists as to whether Defendants arrested Plaintiff in his home and on what basis Defendants could have arrested Plaintiff.  In a Section 1983 claim for unlawful arrest, an officer is entitled to qualified immunity if the officer had probable cause or a "reasonable officer could have mistakenly believed probable cause existed." *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998); See *Edwards v. Cabrera,* 58 F.3d 290, 293 (7th Cir.1995); *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991).   As a preliminary matter, this Court cannot even determine whether Defendants actually arrested Plaintiff in his home without additional testimony from both parties.

Furthermore, assuming Defendant Morales arrested Plaintiff in his home, a genuine issue of material fact exists as to whether Defendants had probable cause to arrest Plaintiff in his home.  For purposes of a Section 1983 claim, "[p]olice officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed" the offense. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).  The facts and circumstances are evaluated from the position of the arresting officer. *Id*. In the instant matter, neither party presents enough testimony for this Court to determine whether Defendant Morales, while at Plaintiff's home, had a reasonable belief that Plaintiff had committed the offense.  For this and the aforementioned reasons, this Court denies both parties' motions for summary judgment for Count I.

**B. Count II: Unlawful arrest at the scene of the car fire.**

With respect to Count II, Defendants had sufficient information to believe Plaintiff committed arson and thus, had probable cause to arrest Plaintiff at the scene of the car fire.  The

Seventh Circuit has "consistently held that an identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause." *See Woods v. Chicago*, 234 F.3d 979, 996 (7th Cir. 2000); *Tangwall v. Stuckey*, 135 F.3d 510, 520 (7th Cir.1998). In the instant matter, after Plaintiff returned to the scene of the fire with Defendant Morales, an eyewitness visually identified Plaintiff as the person who the eyewitness claimed to have seen set the fire to the car. Plaintiff offers no evidence to suggest that the eyewitness's identification was not trustworthy.

Additionally, Defendants interviewed another witness who claimed to know Plaintiff and saw Plaintiff near the car just prior to the fire. According to Defendants, Plaintiff also resembled in height, weight, and build the individual Defendant Morales saw fleeing the scene of the fire. Thus, with respect to Count II and in the context of a Section 1983 claim, Defendants had a reasonable belief that Plaintiff set fire to the car and as a result, had probable cause to arrest Plaintiff. Therefore, this Court grants Defendants' motion for summary judgment for Count II. Consequently, Plaintiff's motion for summary judgment with respect to Count II is denied.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [36] is denied with respect to Counts I and II. Defendants' motion for summary judgment [38] is denied with respect to Count I and granted with respect to Count II.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated:__ 7/30/2010_____